# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI J. NUTTER,<br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br>NCO FINANCIAL SYSTEMS, INC.,<br>　　　　　　　　　　　Defendant. | CASE NO. 04cv2266 DMS (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

　　　　This Court entered a Final Order and Judgment in this class action case on April 21, 2006. Pursuant to that Judgment, each Settlement Class Member with an open account with NCO Portfolio Management, Inc. ("NCOP") on the second Tuesday after Final Judgment Day with Right Party Contact before September 30, 2005, was to receive a ten percent credit on their account, with a maximum credit of $164. (*See* Final Order and Judgment, Ex. 1 at 13.) After this process was completed, Plaintiff's counsel complained to the Honorable Herbert B. Hoffman, who has been appointed as a Special Master in this case, that Defendant improperly sold accounts that should have received credits. The parties presented their respective positions on this issue to Judge Hoffman, and on October 3, 2006, he prepared a Report and Recommendation ("R&R") for this Court. One member of Plaintiff's legal team, Elizabeth J. Arleo, Esq., has filed objections to the R&R, and Defendant has filed a reply to those objections.

　　　　Judge Hoffman recommends the Court order Defendant to post approximately $15.8 million in additional credits to all remaining, open NCOP accounts, pursuant to Defendant's offer. He presents four reasons for this recommendation. First, he states the parties' Settlement Agreement does

1 not prohibit the sale of any NCOP accounts. Second, he notes the Settlement Agreement should be
2 interpreted against Plaintiff because she could have demanded more clarity in the Agreement, but
3 failed to do so. Third, Judge Hoffman states NCOP does not have a contractual right to repurchase
4 its accounts. Finally, Judge Hoffman argues the repurchase and subsequent crediting of NCOP
5 accounts "would create insurmountable administrative problems for NCO and the Court." (R&R at
6 4.)

7 After reviewing the Final Order and Judgment, Judge Hoffman's R&R, Ms. Arleo's objections,
8 and Defendant's reply, the Court adopts Judge Hoffman's recommendation. As stated in the R&R,
9 the Final Order and Judgment does not prohibit the sale of any NCOP accounts.[1] Furthermore, NCOP
10 has no right to repurchase its accounts under its contracts with those purchasers, nor does it have any
11 obligation to do so pursuant to the Settlement Agreement in this case. For these reasons, the Court
12 adopts Judge Hoffman's recommendation. Pursuant to its offer, NCO shall post approximately $15.8
13 million in additional credits to all remaining, open NCOP accounts within three weeks of this Order
14 being stamped "Filed."

15 **IT IS SO ORDERED.**
16 DATED: October 26, 2006

18 DANA M. SABRAW
United States District Judge

---

[1] In the absence of any contractual language on this issue, there is nothing for the Court to interpret, either for or against Plaintiff. However, if there was any contractual language on this issue, the Court would not interpret it against Plaintiff. (*See* Final Order and Judgment, Ex. 1 at 22) ("This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.")